STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

MOLLY K. PRIEDEMAN (CABN 302096)
CASEY BOOME (NYBN 5101845)
ANDREW PAULSON (CABN 267095)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    molly.priedeman@usdoj.gov
    casey.boome@usdoj.gov
    andrew.paulson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:21-cr-00429-YGR |
| Plaintiff, | JOINT PRETRIAL CONFERENCE STATEMENT |
| v. | |
| RAY J. GARCIA, | |
| Defendant. | |

## I. PRETRIAL CONFERENCE ISSUES

The parties have raised certain evidentiary issues in their motions *in limine*. Additionally, below are the parties' responses to the matters outlined in Criminal Local Rule 17.1-1(b).

### 1. Disclosure and contemplated use of statements or reports of witnesses under the Jencks Act, 18 U.S.C. § 3500, or Fed. R. Crim. P. 26.2

Government's statement: The government has turned over a number of witness statements and reports of witnesses in its possession, including memoranda of interviews. The government requests an order to produce grand jury testimony of any testifying witness. The government will continue to provide discovery as necessary and appropriate, including additional Jencks Act statements that the government intends to provide prior to trial. The government has requested reciprocal discovery of reports and statements from the defendant but has not yet received any materials in response.

Defendant's statement: The government has provided more than 35,000 pages of discovery, 10,000 of which has been delivered in the past month. The government has advised defense counsel that an additional 605 pages of discovery were sent via FedEx on 10-25-22. It is unclear how extensive the grand jury testimony will be. The defense does not presently anticipate offering any exhibits in evidence. A defense investigator has conducted some interviews, but defense counsel has not yet received his reports of these interviews. They will be provided as soon as they are received.

### 2. Disclosure and contemplated use of grand jury testimony of witnesses intended to be called at the trial

Government's statement: The government will provide the defense with transcripts of any testifying witness's testimony upon order of the Court permitting disclosure of this grand jury material.

Defendant's statement: Once again, it is unclear how extensive this grand jury material will be or what effect it will have on the defense preparation for trial.

### 3. Disclosure of exculpatory or other evidence favorable to the defendant on the issue of guilt or punishment

Government's statement: The government has made broad disclosures to the defendant and will continue to do so. While the government is not certain what the defendant may deem to be exculpatory or favorable evidence to him, it has not intentionally withheld any such material, and will continue that practice. Indeed, the government has made fulsome discovery of all potential Giglio/Henthorn material it

has received, and would ask that the Court order the defendant to provide any material it would seek to discuss during cross-examination of any witnesses to the government and the court to pre-determine whether the use of such material is appropriate.

<u>Defendant's statement:</u> The defense will certainly seek to impeach government witnesses who have suffered felony convictions with the fact of those convictions. It is not yet clear whether or not there will be materials available, other than those provided in the government's discovery, which would be suitable for use in cross-examination.

**4. Stipulation of facts which may be deemed proved at the trial without further proof by either party and limitation of witnesses**

The government and defense counsel have agreed to certain factual and evidentiary stipulations, which have been filed concurrently herewith. The parties will continue to meet and confer regarding additional stipulations that may be appropriate, and will notify the Court promptly should they reach any further stipulations before trial.

**5. Appointment by the Court of interpreters under Fed. R. Crim. P. 28:**

The government anticipates needing a Spanish-language interpreter for the testimony of Victim 2 and witness A.Q.

**6. Dismissal of counts and elimination from the case of certain issues**

The government does not intend to dismiss any counts in the superseding indictment. The defense has not raised an alibi defense, a statute of limitations issue, or a defense of insanity.

**7. Joinder pursuant to Fed. R. Crim. P. 13 or the severance of trial as to any co-defendant**

There are no co-defendants charged in the superseding indictment.

**8. Identification of informers, use of lineup or other identification evidence and evidence of prior convictions of defendant or any witness, etc.**

<u>Government's statement:</u> There are no issues involving the identification of informers, the use of lineups, or any other identification evidence. With respect to the use of prior convictions of the witnesses, many of the government's witnesses have one or more felony convictions. The parties have reached a stipulation limiting the evidence the defense can elicit regarding the witnesses' prior convictions.

JOINT PRETRIAL CONFERENCE STATEMENT
4:21-CR-00429-YGR                              2

Defendant's statement: The defense has no objection to the government Motion in Limine #3, which addresses the subject of the prior convictions of various government witnesses and is prepared to cross-examine these witnesses within the guidelines of the Federal Rules of Evidence.

**9. Pretrial exchange of lists of witnesses intended to be called in person or by deposition to testify at trial, except those who may be called only for impeachment or rebuttal**

The parties are filing witness lists concurrently herewith. The parties seek leave to revise their lists should circumstances so require.

**10. Pretrial exchange of documents, exhibits, summaries, schedules, models or diagrams intended to be offered or used at trial, except materials that may be used only for impeachment or rebuttal**

Government's statement: The government has provided the defense with an exhibit list and the exhibits it may admit in its case in chief. The exhibits include audio recordings that the government intends to play at trial along with subtitles. One of the audio recordings is the defendant's recorded statement that he provided to the Federal Bureau of Investigation and the Department of Justice Office of Inspector General in connection with this investigation. The other recording is an excerpt of a recorded telephone call between a former FCI Dublin inmate, C.V., and a current FCI Dublin inmate. The excerpt includes a description of Garcia sexually assaulting C.V. while she was an inmate at FCI Dublin. The government has redacted from this recording a reference by one of the participants on the call to Garcia's "girlfriend"—*i.e.*, another inmate with whom Garcia was sexually involved. The government intends to introduce this redacted excerpt as a prior consistent statement under Fed. R. Evid. 801(d)(1)(B) to the extent the defense attacks C.V.'s credibility on cross-examination. The government also intends to use a diagram/map of FCI Dublin.

Defendant's statement: The defense does not presently anticipate offering any trial exhibits.

**11. Pretrial resolution of objections to exhibits or testimony to be offered at trial**

Government's statement: The government has filed motions *in limine* addressing various evidentiary issues. The government has also raised certain issues for the Court's awareness in its trial memorandum, which is filed concurrently herewith. The government has not yet received a witness list or exhibit list from the defense. The parties will continue to meet and confer regarding additional stipulations regarding exhibits and testimony.

1   Defendant's statement: The defense will file objections to portions of the government's Motion in
2   Limine #1, addressing certain items of proffered evidence described therein. As previously indicated, the
3   defense does not presently anticipate offering any trial exhibits. A list of potential defense witnesses will
4   be provided as soon as possible after reports are received from the defense investigator.

5   **12.    Preparation of trial briefs on controverted points of law likely to arise at trial**

6   Government's statement: The government has submitted motions *in limine* discussing some of the
7   controverted points of law likely to arise at trial. It also raised various issues in the trial memorandum for
8   the Court's consideration.

9   Defendant's statement: As indicated above, the defense will file objections to portions of the
10  government's Motion in Limine #1, addressing certain items of proffered evidence described therein. The
11  defense will also file Defendant's Motion in Limine #1, objecting to receipt of specified exhibits listed in
12  the government's Exhibit List.

13  **13.    Scheduling of the trial and of witnesses**

14  Government's statement: The government anticipates that its case in chief will last approximately two
15  weeks. The government does not anticipate any scheduling issues at this time, but given the number of
16  in-custody witnesses and out of state witnesses that will be called in the government's case in chief, there
17  is a possibility that transportation issues may arise during the course of trial. The government will advise
18  the Court and the defense if any scheduling issues arise.

19  Defendant's statement: The defense does not presently anticipate having any scheduling issues.

20  **14.    Request to submit questionnaire for prospective jurors pursuant to Crim. L.R. 24-1,
21          voir dire questions, exercise of peremptory and cause challenges and jury
            instructions**

22  The parties filed a joint list of additional questions to be added to the proposed jury questionnaire on
23  October 20, 2022. The parties have filed a list of additional voir dire questions and proposed jury
24  instructions concurrently herewith.

25  **15.    Any other matter which may tend to promote a fair and expeditious trial**

26  Government's statement: The government requests that the names of Victims 1, 2, and 3, and the
27  names of all other witnesses who are current or former inmates in a BOP institution be redacted from the
28  publicly available transcripts, except for the first letters of their first and last names. This is necessary to

JOINT PRETRIAL CONFERENCE STATEMENT
4:21-CR-00429-YGR                                              4

protect the safety of these witnesses, who may face retaliation because of their testimony in this case from fellow inmates or others.

As discussed in the government's Motion *in Limine* No. 1 and in the government's opposition to the defense's Motion *in Limine*, the government intends to introduce into evidence naked photos of Victim 1 and Victim 3 that were found on Garcia's personal laptop, and photos of Garcia's penis that were found on his personal laptop and on his BOP-issued cellphone. The government plans to introduce into evidence and display the photos of Victims 1 and 3 on the jurors' screens, but intends to display redacted versions of these exhibits on the screens facing the gallery and the witness's screen.

The investigation in this case was conducted jointly by the Federal Bureau of Investigation (FBI) and the Department of Justice Office of Inspector General (DOJ OIG). The government requests that the lead case agents from FBI (SA Katherine Barclay) and DOJ OIG (SA Jennifer Serino) be permitted to sit at counsel table during the trial. SA Barclay will be testifying at trial.

<u>Defendant's statement:</u> The defense has no objection to the request to redact the names of any witness who is or was an inmate in a BOP institution.

The defense will address objections to some of the proffered government exhibits in Defendant's Motion in Limine #1, but has no objection to the government plan to use redacted versions of any exhibits which are admitted.

The defense has no objection to the lead case agents sitting at counsel table during the trial.

<u>Joint statement:</u> Given the ongoing COVID-19 pandemic, the parties request a discussion of the COVID-19 safety protocols that will be in effect during this trial, including:

- The number of jurors to be questioned in the courtroom at one time during voir dire;
- Where the jurors will be seated throughout the trial;
- What social distancing requirements will be in place;
- Mask requirements for the jurors, witnesses, and trial participants; and
- Whether proof of COVID-19 vaccination will be required for prospective (or selected) jurors, witnesses, counsel, and the defendant.

1    The parties are unaware of any other matters at this time that may tend to promote a fair and
2 expeditious trial. To the extent such matters arise after the filing of this pretrial conference statement, the
3 parties will bring them to the Court's attention.

4

5 DATED:  October 27, 2022                              Respectfully submitted,

6                                                                              STEPHANIE M. HINDS
7                                                                              United States Attorney

8                                                                              */s/ Molly K. Priedeman*
                                                                               MOLLY K. PRIEDEMAN
9                                                                              ANDREW PAULSON
                                                                               CASEY BOOME
10                                                                             Assistant United States Attorneys

11

12
                                                                               */s/ James T. Reilly*
13                                                                             JAMES T. REILLY
                                                                               Attorney for the Defendant
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PRETRIAL CONFERENCE STATEMENT
4:21-CR-00429-YGR                                         6