1

2

3

4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7    **UNITED STATES OF AMERICA**              Case No. 21-CR-0429 YGR

          Plaintiff,

8

9          v.                                  **PRETRIAL ORDER NO. 2 RE: TRIAL CONFERENCE**

10   **RAY GARCIA,**

11          Defendant.

12          Having considered the filings to date and the regularly scheduled conferences, and for

13   good cause shown, the Court enters the following orders:

14   1. **Trial Date and Schedule:**  The trial of this matter is set for **Monday, November 21, 2022** for

15      jury selection and continuing each day until complete.  Opening statements and evidence shall

16      begin **Monday, November 28, 2022.**  Trial days shall begin with the parties and attorneys at

17      8:00 a.m.  Counsel shall arrive in court early enough to proceed promptly.  Trial proceedings

18      with the jury shall proceed generally on Monday through Friday, from 8:30 a.m. to 1:40 p.m.

19      with two twenty-minute breaks.  Additional time may be scheduled for matters outside the

20      presence of the jury as necessary and determined by the Court.  Sidebars are not permitted.

21      Counsel should be prepared to anticipate issues so that they may be addressed outside of

22      normal trial hours.  In this regard, counsel should also be prepared to reconvene with the Court

23      after the Court's standing calendars which normally begin at 2:00 p.m.

24   2. **Standard Motions *in Limine*:**  The Court hereby orders that witnesses shall be excluded until

25      testimony is completed except for the defendant and the two government agent-

26      representatives.  A motion *in limine* refers "to any motion, whether made before or during trial,

27      to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v.*

28      *United States*, 469 U.S. 38, 40, n. 2 (1984).

United States District Court
Northern District of California

3. Defendant's motion in *limine* no. 1:  The conference confirmed that the defense has not asked for any pretrial ruling.  The motion identifies various objections to evidence marked as exhibits.  However, the context of any request for admission is absent as is the context for any rulings on the quantity of pictures to be admitted.  The motion is denied without prejudice to making specific objections in the context of trial.

4. Prosecution's motion in *limine* no. 1: The Court's analysis will be provided by separate order.

5. Prosecution's motion in *limine* no. 2 with respect to sealing:  The defendant filed a notice of non-opposition.  The motion is granted and is discussed further below after an additional conference on November 7, 2022

6. Parties are ordered to admonish witnesses of the Court's rulings.  Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

7. **Procedural Stipulations**:  Attached hereto as Exhibit A is an outline of stipulations.  To the extent agreed upon, the parties shall file said document by November 14, 2022.

8. **Witnesses:**  The government has filed its list of all potential witnesses and is limited to that list without permission from the Court.  By November 8, 2022, the parties shall provide the Court with an alphabetical list of all potential witnesses, attorneys, trial team members, including any person who may appear in Court so that the Court can determine whether any prospective juror knows such person.

9. **Exhibits and Exhibit Lists:**  The government has filed its list of all potential exhibits and is limited to that list without permission from the Court.

10. If appropriate, the jury will be allowed to use a secured laptop computer to review evidence admitted during trial.  Counsel should review the Court's information in this regard found at: http://cand.uscourts.gov/jurypc.

11. The Court grants the motion to seal evidence that is sexually explicit and to limit the publication during trial to the parties, jurors, and Court only.  (Dkt. No. 64.)  However, the photos will be described with sufficient detail for purposes of public information, access, and transparency.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    The government shall provide each admitted photograph to be sealed (i) in a

2    transparent "sheet protector" so that it can be placed in one three-ring binder and (ii) with a

3    numbered tab which matches the exhibit number.  The three-ring binder will be placed in a

4    sealed envelope or sealable Redwell folder throughout the trial.  The courtroom deputy shall

5    keep the binder sealed, deliver the same to the jurors at the start of the day during jury

6    deliberations and retrieve the same at the end of the day.

7    Given the nature of the evidence in this trial, all computers which may face the jury

8    or public shall be outfitted with screen protectors to limit access to the evidence displayed on

9    the screen.

10   12. The superseding indictment identifies "Victim 1," "Victim 2," and "Victim 3."  Other potential

11   witnesses have been described as "M.M.", "K.D.", and "C.V."  To ensure the privacy of all

12   witnesses, including to ensure there is no retribution, they will only be identified during public

13   proceedings as "Ms. [First name]."  As discussed in a follow up conference on November 7,

14   2022, the Court will swear in all witnesses with their full names during a sealed proceeding at

15   8:00 a.m. on the day that witness is expected to testify.  These witnesses will then be sworn in

16   again as "Ms. [First name]" before the jury.  To the extent any exhibits will include the full

17   name of a witness, last names may be redacted.

18   13. Attached hereto as Exhibit B is a form to be completed by the attorneys for each side at the

19   end of the trial and before the delivery of exhibits to jurors.

20   14. **<u>Expert Disclosures:</u>**  The government has produced to the defense a written report of its

21   expert.  By November 8, 2022, it shall provide the Court with a copy marked next in order.

22   15. **<u>Jurors and Peremptory Challenges:</u>**  The Court will seat a total of twelve (12) jurors and

23   four (4) alternates.  Pursuant to Rule 24 Criminal Rules of Civil Procedure, because the

24   offense charged is punishable by imprisonment for more than one year, the government is

25   allocated six (6) peremptory challenges and the defendant is allocated ten (10) peremptory

26   challenges.  Accordingly, peremptory challenges shall be exercised in the following sequence:

27   - Prosecution First
28   - *Defense First and Second*

3

- Prosecution Second
- *Defense Third and Fourth*
- Prosecution Third
- *Defense Fifth and Sixth*
- Prosecution Fourth
- *Defense Seventh and Eighth*
- Prosecution Fifth
- *Defense Ninth*
- Prosecution Sixth
- *Defense Tenth*

In addition, each party shall be allocated two (2) additional peremptory challenges for the four alternate jurors empaneled.  The additional peremptory challenges may be used against an alternate juror only.  The initial set of peremptory challenges may not be used for the alternate jurors.  *Batson* motions must be made in a timely fashion, that is, before the juror in question is excused.  Argument on the same shall be made outside the presence of the jury panel.

Given current COVID-19 protocols, all potential jurors are sent a Survey Monkey questionnaire to obtain basic information before jury selection.  The answers to those questions shall be provided to counsel no later than Friday, November 17, 2022.  In accordance with Model Rule of Professional Conduct 3.5(b) and Formal Opinion for 466, the parties "may review a juror's or potential juror's Internet presence, which may include postings by the juror or potential juror in advance of and during the trial, but . . . may not communicate directly or through another with a juror or potential juror."  A party "may not, either personally or through another, send an access request to a juror's electronic social media.  An access request is a communication to a juror asking the juror for information that the juror has not made public and that would not be the type of ex parte communication prohibited by Model Rule 3.5(b)."  Further, to the extent that a party asks any follow-up questions to a prospective juror during *voir dire* regarding information obtained from the review, the party shall disclose the review to the juror.  Counsel shall be provided thirty (30) minutes to conduct additional *voir dire* beyond that of the survey and the Court's follow up.

Jurors are shown two videos prior to arrival in the courtroom:  one on the process generally and the other on unconscious bias.  These are available for the parties' review on the Court's website: https://cand.uscourts.gov/jury/.

4

16. **Jury Instructions:**  The parties have filed joint jury instructions and verdict form to which there are no objections.  The government shall provide the Court with a Word version of each by November 8, 2022.  The Court's practice is not to admit the Indictment as such document is not evidence.  Accordingly, the instructions shall be revised to provide the necessary contents from the Indictment.

17. **Grand Jury Transcripts**:  In Pretrial Order No. 1, the Court authorized the disclosure of all grand jury material pursuant to Fed. R. Crim. P. 6(e)(3)(E).  Those transcripts have been disclosed.

18. **Exculpatory Evidence**:  The Court acknowledges that the government has represented that it has produced all known and available exculpatory or other evidence favorable to the defendant and that it will continue to produce any additional materials if it becomes available.

19. **Equipment:**  Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used.  Arrangements may be made with the Courtroom Deputy, Aris Garcia, at (510) 637-3540, as to appropriate time for doing so.  Defense counsel may reserve a conference room in the attorneys lounge for the period of the trial.  However, they are only available on a first-come, first-serve basis.  Further, parties must provide the Court with a form of order for (i) any equipment or supplies requested to be brought into the courthouse and (ii) any in-custody witness to be dressed in civilian clothing.

20. **Witnesses at Trial:**  The party presenting evidence shall give the other party 24 hours written notice of the witnesses to be called unless otherwise agreed upon by the parties themselves.  The parties are admonished that use of trial time is critical given the limited resources of the Court.  All parties must have witnesses ready and available to testify.  If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case.  Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

21. **Objections:**  There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief – e.g., "hearsay," and if a rebuttal requested, "not offered

United States District Court
Northern District of California

for the truth." If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

22. **Requests for Transcripts:** The Court understands the government may be requesting daily transcripts. Any party wanting daily transcripts must make arrangements, including for payment, in advance with the Court Reporter Coordinator (Telephone No. 510-637-3534) by not later than November 10, 2022.

23. **Trial Decorum and Procedure:** Counsel, parties, and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial. Do NOT approach other parties' witnesses without permission. You may approach your own non-hostile witnesses without permission.

During *voir dire* you will be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors. You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

24. **Failure to Comply:** Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or evidentiary sanctions.

IT IS SO ORDERED.

Dated: November 8, 2022

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE