# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 4:21-cr-00429-YGR |
| Plaintiff, | |
| v. | |
| **RAY J. GARCIA,** | **JURY INSTRUCTIONS** |
| Defendant. | |

The Court attaches hereto the jury instructions, which were used to instruct the jury orally on December 6, 2022.

Dated: December 6, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

The evidence from which you are to decide what the facts are consists of:
(1)     the sworn testimony of any witness;
(2)     the exhibits which have been received in evidence; and
(3)     any facts to which the parties have agreed.

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. Nor is any refusal to testify and you should make no inferences from that refusal.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:
(1)   the opportunity and ability of the witness to see or hear or know the things testified to;
(2)   the witness's memory;
(3)   the witness's manner while testifying;
(4)   the witness's interest in the outcome of the case, if any;
(5)   the witness's bias or prejudice, if any;
(6)   whether other evidence contradicted the witness's testimony;
(7)   the reasonableness of the witness's testimony in light of all the evidence; and
(8)   any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event

but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

You are here only to determine whether the defendant is guilty or not guilty of the charges in the Indictment.  The defendant is not on trial for any conduct or offense not charged in the Indictment. We will review the charges shortly.

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

As I explained before, you have heard testimony of a witness who testified in the Spanish language.  Witnesses who do not speak English or are more proficient in another language testify through an official interpreter.  Although some of you may know the Spanish language, it is important that all jurors consider the same evidence.  Therefore, you must accept the interpreter's translation of the witness's testimony.  You must disregard any different meaning.  You must not make any assumptions about a witness or a party based solely on the fact that an interpreter was used.

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**Counts One, Two, and Four**

The defendant is charged in Counts One, Two, and Four of the Indictment with sexual abuse of a person in official detention in violation of Section 2243(b) of Title 18 of the United States Code. These counts relate to the defendant's alleged abuse involving sexual acts with Melissa while she was an inmate at FCI Dublin. Specifically, the government alleges that the defendant digitally penetrated Melissa's genital opening on three different occasions.

For the defendant to be found guilty of those charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly engaged in a sexual act with Melissa;
Second, at the time, Melissa was in official detention at FCI Dublin; and
Third, at the time, Melissa was under the custodial, supervisory, or disciplinary authority of the defendant.

In this case, "sexual act" means the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

In this case, "official detention" means detention by a Federal officer or employee, or under the direction of a Federal officer or employee, following a charge or conviction of an offense.


**Count Three**

The defendant is charged in Count Three of the Indictment with committing an abusive sexual contact with Melissa while she was in official detention in violation of Section 2244(a)(4) of Title 18 of the United States Code. Specifically, the government alleges that the defendant touched Melissa's genitalia and breast.

For defendant to be found guilty of Count Three, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly engaged in sexual contact with Melissa;
Second, at the time, Melissa was in official detention at FCI Dublin; and
Third, at the time, Melissa was under the custodial, supervisory, or disciplinary authority of the defendant.

**Counts Five and Six**

The defendant is charged in Counts Five and Six of the Indictment with committing an abusive sexual contact with Maria while she was in official detention in violation of Section 2244(a)(4) of Title 18 of the United States Code. Specifically, the government alleges that the defendant caused Maria to touch defendant's penis and that defendant touched Maria's breast.

For defendant to be found guilty of Counts Five and Six, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly engaged in sexual contact with Maria;
Second, at the time, Maria was in official detention at FCI Dublin; and
Third, at the time, Maria was under the custodial, supervisory, or disciplinary authority of the defendant.

**Count Seven**

The defendant is charged in Count Seven of the Indictment with committing an abusive sexual contact with Rachel while she was in official detention in violation of Section 2244(a)(4) of Title 18 of the United States Code. Specifically, the government alleges that defendant touched Rachel's buttocks.

For defendant to be found guilty of Count Seven, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly engaged in sexual contact with Rachel;
Second, at the time, Rachel was in official detention at FCI Dublin; and
Third, at the time, Rachel was under the custodial, supervisory, or disciplinary authority of the defendant.

As used in Counts Three, Five, Six, and Seven in this case, "sexual contact" means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

As used in Counts Three, Five, Six, and Seven in this case, "official detention" means detention by a Federal officer or employee, or under the direction of a Federal officer or employee, following a charge or conviction of an offense.

A person in official detention at FCI Dublin cannot legally consent to any sexual act or sexual contact with an individual who has custodial, supervisory, or disciplinary authority over that person. As a result, the government does not need to prove that the sexual acts or sexual contacts charged in Counts One through Seven were nonconsensual. In other words, consent is not a defense to Counts One through Seven.

**Count Eight**

The defendant is charged in Count Eight of the Indictment with knowingly and willfully making a false statement in a matter within the jurisdiction of a governmental agency or department in violation of Section 1001 of Title 18 of the United States Code.

For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made a false statement;
Second, the statement was made in a matter within the jurisdiction of the Federal Bureau of Investigation (FBI);
Third, the defendant acted willfully; that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that his conduct was unlawful;
Fourth, the statement was material to the activities or decisions of the FBI; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities; and
Fifth, the statement involved offenses under Chapter 109A of Title 18 of the United States Code.

The crimes of sexual abuse of a person in official detention as charged in Counts One, Two, and Four and abusive sexual contact as charged in Count Three, Five, Six, and Seven are offenses under Chapter 109A of Title 18 of the United States Code.

As previously explained, you heard evidence that the defendant may have committed a similar offense of sexual assault towards FCI Dublin inmate Christina. You may use this evidence to decide whether the defendant committed the acts charged in the Indictment. You may not convict the defendant simply because he may have committed other unlawful acts. You may give this evidence such weight as you think it should receive or no weight.

You also heard testimony about the defendant's alleged conduct towards FCI Dublin inmate Katrina. This evidence of other acts was admitted only for limited purposes. You may use this evidence to decide whether the defendant made false statements as charged in Count Eight of the Indictment. You may also consider this evidence as to Counts One through Seven of the Indictment only for the purpose of deciding whether the defendant: had the state of mind, knowledge, or intent necessary to commit the crimes charged in the Indictment; had a motive or opportunity to commit the acts charged in the Indictment; or acted with a method of operation as evidenced by a unique pattern; or did not commit the acts for which the defendant is on trial by accident or mistake. Do not consider this evidence for any purpose other than the purposes specified in this instruction. Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purposes that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged in Counts One through Seven. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, he must also have committed the acts charged in the Indictment.

Remember that the defendant is on trial here only for the crimes charged, not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**STOP**

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

After your verdict is read in open court, you may be asked individually to indicate whether the verdict expresses your personal vote. This is referred to as "polling" the jury and is done to ensure that each juror has agreed to each decision.

The verdict forms that you will receive may ask you to answer several questions. You must vote separately on each question. Each of you will be provided a copy of the verdict forms for your use in keeping track of your own votes.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury

service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

You may now retire to the jury room. The alternate jurors should stay here for some additional instructions.