KEVIN G. LITTLE, SBN 149818
**LAW OFFICE OF KEVIN G. LITTLE**
Post Office Box 8656
Fresno, California 93747
Telephone:  (559) 342-5800
Facsimile:  (559) 242-2400
E-Mail: kevin@kevinglittle.com

Attorneys for Defendant
Ray J. Garcia

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.:  4:21-CR-00429-YGR |
| Plaintiff, | EX PARTE APPLICATION FOR ISSUANCE OF DOCUMENT SUPBOENA TO KTVU NEWS [F.R.Cr.P. 17; Criminal Local Rule 17-2] |
| v. | |
| RAY J. GARCIA, | |
| Defendant. | |

TO THE HONORABLE COURT:

Defendant Ray Garcia, through his undersigned counsel and in accordance with Federal Rule of Criminal Procedure 17 and Northern District Criminal Local Rule 17-2, hereby makes this *ex parte* application for the issuance of the subpoena attached as Exhibit B, directed to KTVU News.

Good cause exists for presenting this request to the Court on an *ex parte* basis, given the time limitations applicable to the filing of post-trial motions, and also because the prosecution was already provided informal notice of the defendant's intent to seek this subpoena at the status conference held on December 19, 2022.

This application is supported by the accompanying points and authorities and the Declaration of Kevin G. Little.  Because this application establishes the existence of good cause to issue the requested subpoena, it should be issued in accordance with Federal Rule of Criminal Procedure 17(c) and Northern District Criminal Local Rule 17-2.

EX PARTE APPLICATION FOR ISSUANCE OF
DOCUMENT SUPBOENA TO KTVU NEWS

Dated:  December 20, 2022                         /s/ Kevin G. Little
_____
                                                  Kevin G. Little
                                                  Counsel for Defendant
                                                  Ray J. Garcia

EX PARTE APPLICATION FOR ISSUANCE OF
DOCUMENT SUPBOENA TO KTVU NEWS

**<u>Declaration of Kevin G. Little</u>**

The undersigned, Kevin G. Little, hereby declares as follows:

1.     I am the attorney of record for the defendant, Ray J. Garcia, having been approved to substitute for former counsel James T. Reilly on December 13, 2022.

2.     I am primarily in charge of researching and drafting the defendant's post-trial motions.

3.     I am experienced in researching and litigating potential jury misconduct issues, based on my having done so numerous times in the thirty years I have represented criminal defendants in state and federal courts.  Under applicable law, a defendant in a criminal case is entitled to a jury that reaches a verdict on the basis of evidence produced at trial. *Turner v. Louisiana*, 379 U.S. 466 (1965); *Estrada v. Scribner*, 512 F.3d 1227, 1238 (9th Cir. 2008); *Raley v. Ylst*, 470 F.3d 792, 803 (9th Cir. 2006). When the jury considers extraneous or extrinsic facts not introduced in evidence, a defendant has effectively lost his Sixth Amendment rights of confrontation, cross-examination, and the assistance of counsel with regard to jury consideration of the extraneous evidence. *Lawson v. Borg*, 60 F.3d 608, 612 (9th Cir. 1995).

4.     In familiarizing myself with this case, I became aware of a news report that aired on KTVU news, which included portions of an interview with the jury foreman.  In that interview, the foreman reportedly stated, that "he wished there had been more women on the panel, as he was moved by their stories as mothers and daughters."  The foreperson also reportedly stated that "[a]n elderly female juror brough her own personal stories and 'touching examples of humanity.'"  *See* Exhibit A, a copy of the text of the KTVU news story that aired on December 9, 2022.  While not absolutely clear, these passages from the news story suggest that the jurors discussed and considered their own personal stories and life experiences during deliberations, which could be improper.  *See United States v. Navarro-Garcia*, 926 F.2d 818, 821-22 (9th Cir. 1991) (noting instances in which "a juror's personal experiences may constitute extrinsic evidence"); *Bayramoglu v. Estelle*, 806 F.2d 880, 887 (9th Cir. 1986) ("Jurors have a duty to consider only the evidence which is presented to them in open court.").

5.     Based on my prior experience, the portion of a news story that airs typically includes only a portion of the recorded contact with the interviewee.  I am also aware that news outlets typically save the raw or unedited footage of their interviews for some period of time.  I therefore believe that KTVU

News may be in possession of additional footage of the foreperson's interview, which could well shed additional light on his quoted comments.

6.     I have attempted to obtain raw footage from KTVU informally, but I was informed that they ordinarily do not release such footage absent a court order.  In response to that information, I promptly sent KTVU a preservation letter, in order to prevent the destruction of any additional footage of the foreperson's interview, or of any other available juror interview footage.  *See* Exhibit B.

7.     In anticipation that the Court might grant this application, I have prepared the attached subpoena, as well as a proposed order for its issuance. *See* Exhibit C.

8.     If called as a witness in this matter, I could truthfully and competently testify to the foregoing.

Sworn under penalty of perjury under the laws of the United States on December 20, 2022, in Fresno, California.

*/s/ Kevin G. Little*
Kevin G. Little

EX PARTE APPLICATION FOR ISSUANCE OF
DOCUMENT SUBPOENA TO KTVU NEWS

# EXHIBIT A

12/19/22, 6:07 PM
Case 4:21-cr-00429-YGR Document 128 Filed 12/20/22 Page 6 of 18
Dublin prison warden sex abuse trial: How the jury came to its guilty verdict

Watch Live

# Dublin prison warden sex abuse trial: How the jury came to its guilty verdict

By Lisa Fernandez | Published December 9, 2022 | Updated 12:21PM | Dublin prison | KTVU FOX 2 | ➤

**Ex-warden of Bay Area women's prison convicted of sex abuse**

Ray Garcia, the former warden of the federal women's prison in Dublin, was convicted of eight counts of sexual abuse and lying to the FBI. Women held in the prison testified that Garcia fondled them, took nude photos and other acts of misconduct.

**OAKLAND, Calif.** - A jury of 10 men and two women found Ray J. Garcia – the former warden of the all-women's Federal Correctional Institute at Dublin – guilty of eight counts of sex abuse and lying to the FBI.

Garcia is the highest ranking U.S. Bureau of Prisons official to be convicted of such crimes, according to the Department of Justice.

The trial, held in U.S. District Court in Oakland, lasted seven days. The jury deliberated for about 14 hours over three days.

In an exclusive interview, ██████████████████ the jury foreman – shared his opinions on the case and broke down how he and his peers came to their decision on Thursday just before noon.

## Who was on the jury?

At first, ██████said he didn't even notice there was a preponderance of men on the jury.

It wasn't until one of the two female jurors spoke up about the gender inequity that made him realize how "odd" it was.

Looking back, ██████ said he wished there had been more women on the panel, as he was moved by their stories as mothers and daughters.

████████████████████████████████████ He said some of the other jurors are chemists, accountants, corporate executives and tech employees. One juror is a newly documented citizen.

Each brought a unique perspective to the case, M██████ said, and often used their careers as the basis to forming their opinions.

For instance, a female corporate executive noticed how broken the federal prison system is from a business perspective.

An elderly female juror brought her own personal stories and "touching examples of humanity," ██████ said.

**Ex-FCI Dublin prison warden dodges questions on sex abuse allegations**
Former FCI Dublin prison warden Ray Garcia dodged questions from KTVU's Evan Sernoffsky while leaving court.

## What did you think of Ray Garcia?

██████said he thought the former warden was "arrogant" and full of "hubris." He said none of the jury believed the inconsistencies in his stories and he could tell that this was a classic "abuse of power" case.

One comment that Garcia made stood out to██████and the rest of the jurors that seemed especially out of line.

"I have plenty of pictures I can use for arousal of free women I can see any day of the week," Garcia said angrily under cross-examination. "I do not need a picture of an inmate to arouse me."

The reason the jury deliberated over three days, ███████ said, because at first, there were two male "holdouts."

Everyone else thought Garcia was guilty at the start of deliberations. But the two men were only about "80 to 90%" there on the first day, ███████ said.

Those two wanted to methodically go through the counts to make sure that Garcia actually digitally penetrated one of the victims, ███████ in the bathroom – as opposed to some of the other counts, which alleged a more general, "abusive sexual contact."

"Two people needed to be convinced on the sexual act charge vs. the sexual contact charge," ████████ said. "We needed to come together to really discuss it."

One of those jurors - a new citizen to the United States -- also wanted to weigh Garcia's long, 30-year career with the BOP as a factor in his decision.

In the end, though, ███████ said these two jurors playing devil's advocates just made for a more thorough deliberation.

## What did you think of the women who testified?

████████ said the women were completely believable, and even though Garcia's defense painted them as convicted felons with reasons to lie, that thought never crossed the jury's mind.

The jury believed that the women who testified had all been sexually assaulted and they were moved by the stories the women told of being retaliated against for speaking out.

12/19/22, 6:07 PM
Dublin prison warden sex abuse trial: How the jury came to its guilty verdict
Case 4:21-cr-00429-YGR   Document 128   Filed 12/20/22   Page 9 of 18

█████ said ██████ the first witness, was especially compelling as she told of how Garcia instructed her to get naked on all fours on a friend's bed and then insert a candy cane into her vagina.

She then teared up telling the jury how her life inside prison has been hell since coming forward with her story.

A young male juror and an Indian woman kept asking their peers: What motivation would ██████ and the others have to lie?

## How did you feel looking at so many explicit photos?

Attorneys told the jury that Garcia has "hundreds" of photos of his penis – at least one with semen coming out – on his prison-issued cell phone.

There were also naked photos of █████ on all fours in a cell room, and screenshots of a victim named ██████ during a naked video chat with Garcia that she didn't know were being taken.

█████ said that the jury was only shown two of the warden's penis photos and the naked pictures of ██████ and R██████

"We definitely saw dick pics," he said.

Only the jury was shown these pictures and no one in the gallery was allowed to see them to protect the women's dignity. █████ said the jury was not shown the semen photo.

While █████ said seeing these pictures was important, he didn't like seeing them up for so long on the computer in his jury box.

He said he got uncomfortable and had to put a notebook up to block the view at times.

No one giggled over the photos in deliberations, M⬛⬛⬛ said, adding that everyone acted seriously while discussing them.

**Powerless in Prison: Surviving Sex Abuse**

Over the course of eight months, KTVU has spoken with more than three dozen women who say they have been sexually assaulted or witnessed such abuse at FCI Dublin. Many who spoke up were retaliated against.

## What did you think of the prosecution's star rebuttal witness?

During trial, several women and the prison psychologist testified that Garcia often bragged he wouldn't be investigated because the head of the Special Investigative Services – Lt. Stephen Putnam – was his best friend of 23 years.

So when Putnam was called to testify as the prosecution's rebuttal witness, M⬛⬛⬛ said he expected Putnam to vouch for Garcia.

That didn't happen.

"We thought him to be a buddy and have his back," M⬛⬛⬛ said. "But he didn't."

Putnam shot down all of Garcia's claims, including the fact that it's never OK to take a picture of a naked woman and it's not the job of the warden to develop confidential informants.

The jury took notice of Putnam's testimony, ⬛⬛⬛ said.

## What did you think of the prosecutors?

⬛⬛⬛ said he liked Asst. U.S. Attorneys Mollie Priedeman and Andrew Paulson.

"They were fantastic," he said. "They did a really good job."



He said they were both methodical in showing how Garcia had a pattern of grooming women before sexually abusing them.

And he said he especially liked their closing arguments and how they pointed out how ridiculous Garcia's explanations were.

## What did you think of the defense?

██████ said he thought defense attorney James Reilly "did a really poor job."

He said he and the other jurors did not like how Reilly tried to paint the women as lying convicted felons and how he "treated them with impunity."

██████ said he felt Reilly also badgered the witnesses and had a general "lack of direction."

He said he scribbled all sorts of comments to himself about Reilly's treatment of the women on the edges of the 65 pages of notes he took during trial.

## What did you think of the judge?

██████ said everyone liked Judge Yvonne Gonzales Rogers and how she ran her courtroom.

"She was awesome," ██████ said. "I liked her demeanor and her fairness."

## How did you spend seven days with strangers since you couldn't talk about the case?

██████ said it was difficult to spend a week with people he didn't know and not able to talk about the one thing that was bonding them together – the trial.

"We were pretty quiet," he said. "It was a little awkward."

Once in a while, someone might ask about golf during the breaks, he said.

Despite the jurors being strangers, though, M said he was very proud of how they worked together and ended up coming to a unanimous decision, especially since there was such "heavy testimony" to consider.

*Lisa Fernandez is a reporter for KTVU. Email Lisa at lisa.fernandez@fox.com or call her at 510-874-0139. Or follow her on Twitter @ljfernandez*

This material may not be published, broadcast, rewritten, or redistributed. ©2022 FOX Television Stations

# EXHIBIT B

# KGL

## THE LAW OFFICE OF KEVIN G. LITTLE

Kevin G. Little, CSBN 149818
Michelle Tostenrude, CSBN 290121

Telephone: (559) 342-5300
Facsimile: (559) 420-0839
E-Mail: kevin@kevinglittle.com

Mailing Address:
Post Office Box 8656
Fresno, California 93747

Physical Address:
1225 E. Divisadero Street
Fresno, California 93721

December 16, 2022

**Individual/Firm/Organization**: KTVU, 2 Jack London Sq., Oakland CA 94607, (FAX) (510) 874-0331

**Our Client**: Defendant Ray J. Garcia, USA v. Garcia, No. 4:21-cr-00429 YGR

**Summary of Dispute**: Criminal Matter

Your station aired a story including snippets of an interview of foreperson ▮▮▮▮▮▮
https://www.ktvu.com/news/fci-dublin-warden-sex-abuse-trial-how-the-jury-came-to-its-guilty-verdict.  Please preserve the unedited footage of this interview until this case is completed, both at trial and any appeals.

Re:    Preservation of All Potentially Relevant Information

Dear sir or madam:

On behalf of our above-named client, the Law Office of Kevin G. Little hereby notifies you of your obligation under federal and state law to preserve all electronically stored information, including any copies or backups thereof, in your possession, custody or control, that may be potentially relevant to this dispute.  The duty of preservation also of course extends to any potentially relevant paper documents.

We consider your electronic data and paper documents to be valuable and irreplaceable sources of discoverable information in this dispute. We therefore intend on seeking in discovery all potentially relevant electronic data and documents in your possession, custody, or control, including without limitation electronic records, audit trails, text messages, emails, audio files, video files, paper files, memoranda, notes, drafts, and written correspondence.

Accordingly, we hereby place you on notice to preserve all electronic data and paper documents regarding our client and/or this dispute. In addition, we hereby place you on notice not to allow the deletion of any electronic data, including text messages, emails, and media files, relating to this dispute. Nor should you allow the destruction of any potentially relevant paper documents.

We are confident that your firm will continue to preserve all potentially relevant electronic data and paper files throughout the duration of this dispute.

Sincerely,

Kevin G. Little

# FAX Transmission Status

**Transmission complete: 2022-12-16 16:19:37 PST**

**Job ID**  813380879  **Destination**  (510)874-0331
**Status**  Success  **Detail**  Success
**Pages**  1  **Xmit Time**  00:00:39



## THE LAW OFFICE OF KEVIN G. LITTLE

Kevin G. Little, CSBN 149818
Michelle Tostenrude, CSBN 290121

Telephone: (559) 342-5300
Facsimile: (559) 420-0839
E-Mail: kevin@kevinglittle.com

Mailing Address:
Post Office Box 8656
Fresno, California 93747

Physical Address:
1225 E. Divisadero Street
Fresno, California 93721

December 16, 2022

**Individual/Firm/Organization:** KTVU, 2 Jack London Sq., Oakland CA 94607, (FAX) (510) 874-0331

**Our Client:** Defendant Ray J. Garcia, USA v. Garcia, No. 4:21-cr-00429 YGR

**Summary of Dispute:** Criminal Matter

Your station aired a story including snippets of an interview of foreperso███████  https://www.ktvu.com/news/fci-dublin-warden-sex-abuse-trial-how-the-jury-came-to-its-guilty-verdict.  Please preserve   the unedited footage of this interview until this case is completed, both at trial and any appeals.

Re:     Preservation of All Potentially Relevant Information

Dear sir or madam:

On behalf of our above-named client, the Law Office of Kevin G. Little hereby notifies you of your obligation under federal and state law to preserve all electronically stored information, including any copies or backups thereof, in your possession, custody or control, that may be potentially relevant to this dispute.  The duty of preservation also of course extends to any potentially relevant paper documents.

We consider your electronic data and paper documents to be valuable and irreplaceable sources of discoverable information in this dispute. We therefore intend on seeking in discovery all potentially relevant electronic data and documents in your possession, custody, or control, including without limitation electronic records, audit trails, text messages, emails, audio files, video files, paper files, memoranda, notes, drafts, and written correspondence.

Accordingly, we hereby place you on notice to preserve all electronic data and paper documents regarding our client and/or this dispute. In addition, we hereby place you on notice not to allow the deletion of any electronic data, including text messages, emails, and media files, relating to this dispute. Nor should you allow the destruction of any potentially relevant paper documents.

We are confident that your firm will continue to preserve all potentially relevant electronic data and paper files throughout the duration of this dispute.

Sincerely,

Kevin G. Little

# EXHIBIT C

CAND 89B  (Rev. 6/17) Subpoena to Produce Documents or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>Ray J. Garcia<br><br>             Defendant(s). | SUBPOENA TO PRODUCE<br>DOCUMENTS OR OBJECTS<br>IN A CRIMINAL CASE<br><br>Case No.: 4:21cr00429-YGR |

TO:  KTVU NEWS, 2 Jack London Sq., Oakland CA 94607

YOU ARE COMMANDED to produce at the place, date, and time specified the document(s) or object(s) indicated below.  If compliance would be unreasonable or oppressive, you may file a motion requesting the court to quash or modify the subpoena, to review the documents in camera, or to permit production only pursuant to a protective order.

| PLACE | | | | COURTROOM/JUDGE |
|---|---|---|---|---|
| ☐ U.S. Courthouse<br>450 Golden Gate Ave.<br>San Francisco, CA 94102 | ☐ U.S. Courthouse<br>280 South First St.<br>San Jose, CA 95113 | ☐ U.S. Courthouse<br>3140 Boeing Ave.<br>McKinleyville, CA 95519 | ☑ U.S. Courthouse<br>1301 Clay Street<br>Oakland, CA 94612 | Courtroom 1, 4th Floor |
| | | | | DATE AND TIME<br>January 4, 2023,10:00 a.m. |

*If the document(s) or object(s) are produced in advance of the date specified, either to the court in an envelope delivered to the clerk's office or to the issuing attorney whose name and address appears below, no appearance is necessary.*

The following document(s) or object(s) shall be produced:

1.  Any and all unedited footage of any post-verdict interview(s) of foreperson juror▇▇▇▇▇▇▇▇regarding the above-entitled case.

2.  Any and all unedited footage of any post-verdict interview(s) of any juror(s) regarding the above-entitled case.

NOTE: Subpoena forms requiring the appearance of a witness to testify at a criminal proceeding or to testify and bring documents to a criminal proceeding, must use Form CAND 89A, *Subpoena to Testify in a Criminal Case*) or for the production of state law enforcement personnel or complaint records (CAND 89C, *Subpoena to Produce State Law Enforcement Personnel Or Complaint Records in a Criminal Case*) are available at the Court's website: cand.uscourts.gov.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| <br><br>(By) Deputy Clerk | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
Kevin G. Little, Esq., Law Office of Kevin G. Little, Post Office Box 8656, Fresno, CA 93747, Tel. (559) 342-5800, Fax (559) 242-2400, E-Mail kevin@kevinglittle.com

CAND 89B  (Rev. 6/17) Subpoena to Produce Documents or Objects in a Criminal Case

| PROOF OF SERVICE | | |
|---|---|---|
| RECEIVED BY SERVER | DATE | PLACE |
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | FEES AND MILEAGE TENDERED TO WITNESS<br>☐ YES  ☐ NO   AMOUNT $ |
| SERVED BY (PRINT NAME) | | TITLE |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
　　　　　　　　　　　DATE　　　　　　　　　　　　SIGNATURE OF SERVER

　　　　　　　　　　　　　　　　　　　　　　　　ADDRESS:

ADDITIONAL INFORMATION